UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | : |
| v. | : Crim. No. 01-0247 (EGS) |
| KENNETH JOHNSON,<br>Defendant. | : |

## MEMORANDUM OPINION AND ORDER

Kenneth Johnson moves, pursuant to 28 U.S.C. § 2255, to vacate his sentence for violation of 18 U.S.C. § 922(g)(1) on two grounds. First, he argues that this Court was without jurisdiction to impose a sentence under § 922(g)(1) because his civil rights were restored with respect to his single prior conviction, thereby precluding it from serving as a predicate for a charge under § 922(g)(1) given the definition contained in 18 U.S.C. § 921(a)(20) of a "crime punishable by a term of imprisonment greater than one year," which excludes convictions for which civil rights have been restored. While all parties concede that defendant's rights to vote and run for office were restored upon completion of his prior sentence on January 22, 2001, it is undisputed that his right to serve on a jury was never restored. Although the D.C. Circuit has never precisely addressed the issue of whether the right to serve on a jury must be restored for the §921(a)(20) exclusion to apply, at least five other Circuits have held that it must. In the single D.C. Circuit case in which the § 921(a)(20) exclusion was applied, all three of the defendant's "civil rights"

-1-

had been restored.

Second, defendant argues that his counsel's performance fell below the *Strickland* standard because (1) he failed to investigate the question of whether his prior conviction could serve as a predicate for a §922(g)(1) conviction; (2) he failed to move for a downward departure based on "aberrant behavior"; and (3) he failed to file a direct appeal of defendant's prior conviction. Given the applicable statutory and case law, as well as the terms of the plea agreement, under which defendant gave up his right to move for a downward departure, his claim of ineffective assistance of counsel is devoid of merit.

Background and Procedural History

Defendant was arrested on April 28, 2001 after an off-duty officer observed him in the parking lot of his apartment complex shooting a gun into the air at 11:25 p.m. He was later discovered to have been "extremely intoxicated" at the time. A 9 mm loaded Hi-Point equipped with a laser sight was recovered from Mr. Johnson's person. Defendant was also found to be carrying six loose rounds of 9 mm ammunition and a magazine with five rounds of 9mm ammunition. Four spent 9mm casings were recovered from the area where the off-duty officer observed defendant shooting the weapon into the air. Subsequent records checks revealed that defendant was not licensed to carry a gun, the firearm was not registered, and he had been convicted of the offense of "Assault with Intent to Disable" in Prince George's County, MD (Case No. CT930247A) on June 7, 1993.

Defendant was released to the custody of the BOP for placement in a half-way-house on April 30, 2001, and was released into the Heightened Supervision Program on

June 11, 2001. On September 7, 2001 he pled guilty to a one count indictment for violation of 18 U.S.C. § 922(g)(1). On December 12, 2001 he was sentenced to 27 months imprisonment, followed by a term of 3 years supervised release.

II.     **Motion to vacate sentence**

Defendant contends that:

(1) This Court lacked subject matter jurisdiction to impose a sentence pursuant to 18 U.S.C. § 922(g)(1) because his 1993 offense did not fall within the definition of permissible predicate offenses contained in 18 U.S.C. § 921(a)(20), as his civil rights had been restored with respect to that offense;

(2) He received ineffective assistance of counsel because his attorney failed to (A) research the question of whether defendant's prior MD offense was a proper basis for a conviction under 18 U.S.C. § 922(g)(1), instead simply advising Mr. Johnson to plead guilty; (B) move for a downward departure on the grounds of "Aberrant Behavior" pursuant to U.S.S.G. §5K2.0 (4); and (C) file a direct appeal of defendant's conviction.

A.     *Prior felony conviction*

Defendant argues that his 1993 conviction for "Assault with Intent to Disable" in Prince George's County, MD (Case No. CT930247A) cannot serve as a predicate offense for an indictment under 18 U.S.C. § 922(g)(1) because 18 U.S.C. § 921(a)(20) provides, in relevant part:

Any conviction which has been expunged, or set aside or for which a person has been pardoned or *has had civil rights restored* shall not be considered a conviction for purposes of this chapter, unless such pardon, expungement, or restoration of civil rights expressly provides that a person may not ship, transport, possess, or receive firearms.

18 U.S.C. § 921(a)(20) (emphasis added). Defendant initially submitted that his rights to vote, hold office, and sit on a jury were restored by operation of law, pursuant to Md. Ann. Code Art. 33 § 3-4(c) and Md. Ann. Code Art. 27 § 562C, as of January 22, 2001, the date his probationary period for the 1993 offense terminated. *See United States v. Bost*, 87 F.3d 1333, 1335 (D.C. Cir. 1996) ("It is generally agreed that the 'civil rights' referred to in section 921(a)(20) are the rights to vote, to hold elective office, and to serve on a jury.").

Defendant contends that, in light of the above, this Court was without jurisdiction to impose a sentence in this case, and therefore he need not meet the "cause" and "prejudice" standard set forth in the case law governing collateral review proceedings where the right of direct appeal has been waived. *See United States v. Frady*, 456 U.S. 152, 166, 167-68, 71 L. Ed. 2d 816, 102 S. Ct. 1584 (1982). Rather, he emphasizes that jurisdictional defects can be raised at any time, and cannot be waived. Accordingly, defendant asserts that he is entitled to immediate *vacatur* of his conviction and sentence for lack of jurisdiction, and asks this Court to order his immediate release from confinement.

The government, in response, concedes that defendant's right to vote was restored by operation of Maryland law at the time of the instant offense, by virtue of the fact that the 1993 conviction was his first conviction and defendant had fully completed his sentence for that conviction on January 22, 2001. *See* Md. Ann. Code art. 33, § 3-

102(b)(1)(ii)[1] and its predecessor Md. Ann. Code art. 33, § 3-4(c) (1993)[2]; *see also* Gov't Opp'n at 15-17. The government further concedes that defendant's right to run for office was restored by virtue of restoration of the franchise, so long as he registered to vote. Md. Const. art. 1, § 12; Gov't Opp'n at 17.

However, the government correctly points out that defendant's right to serve on a jury had not yet been restored at the time of his arrest for the instant offense. Under Maryland law, once convicted of a crime punishable by imprisonment for more than six months, a person must be pardoned before his right to serve on a jury is restored. Md. Cts. & Jud. Proc. Code Ann. § 8-207(5) (2001); *see also id.* (1992).

The government further submits, citing to case law from the 4th, 6th, 9th and 10th Circuits that, although restoration of civil rights need not be complete in order for the exclusion embodied in 18 U.S.C. 924(a)(20) to apply, it must be "substantial." *See United States v. Metzger*, 3 F.3d 756, 758 (4th Cir. 1993); *United States v. Hassan-El*, 5

---

[1] Under Md. Ann. Code art. 33, § 3-102(b)(1)(ii) (2001),

> An individual is not qualified to be a registered voter if the individual . . . [h]as been convicted of theft or other infamous crime, unless the individual . . . [i]n connection with the *first conviction*, has *completed the sentence imposed* for the conviction, including probation[.] (emphasis added)

[2] The predecessor statute, relied upon by defendant, provides:

> No person shall be registered as a qualified voter if he has been convicted of theft or other infamous crime, unless he has been pardoned, or, in connection with his *first such conviction only*, he has *completed any sentence imposed* pursuant to the conviction, including any period of probation imposed by virtue of parole or otherwise in lieu of a sentence or part of a sentence.

Md. Ann. Code art. 33 § 3-4(c)(1993).

F.3d 726, 734 (4th Cir. 1993); *United States v. Cassidy*, 899 F.2d 543, 549 (6th Cir. 1990); *United States v. Meeks*, 987 F.2d 575, 578 (9th Cir. 1993); *United States v. Flower*, 29 F.3d 530, 532 (10th Cir. 1994). Moreover, it contends, again relying on persuasive authority, that inability to serve on a jury is fatal to a claim that civil rights have been restored for purposes of exclusion of a prior conviction under § 921(a)(20).

"Whether a prior conviction meets the definition of 921(a)(20), and is therefore properly admitted in a 922(g)(1) case, is an ultimate legal determination to be decided by the trial judge" *United States v. Flower*, 29 F.3d at 532. This determination is made "according to the law of the jurisdiction in which the predicate conviction occurred." *See, e.g., id.* at 533; *United States v. Hassan-El*, 5 F.3d at 733. Some courts have construed the question of whether civil rights have been restored with respect to a prior conviction as an affirmative defense, for which the burden of proof lies with the defendant, others as an element of the offense under § 922(g), for which the government bears the burden of proof, and yet others simply as a legal definition within the statute. *United States v. Flower*, 29 F.3d at 533, 534, n. 6. Where objection to the use of the prior conviction is not made at trial, the Tenth Circuit has held that appellate review of this question is limited to plain error. *Id.* at 536.

The Ninth Circuit has established a two-stage analysis for determining whether a state conviction is nullified for purposes of federal firearms law. We first ascertain whether a felon's civil rights are substantially restored under state law; if they are, only then do we determine whether state law expressly restricts his right to possess firearms.

*United States v. Meeks*, 987 F.2d at 578.

The government's arguments here assume that the issue is properly presented by the pending motion, and address the first stage of the Ninth Circuit's two-step analysis. It relies on authorities holding that

> acknowledgment that [a defendant] has not had restored his right to sit on a jury is an acknowledgment that his civil rights have not adequately been restored to disqualify the use of those convictions as predicate convictions for the 922(g)(1) charge.

*United States v. Flower*, 29 F.3d at 536; *see also United States v. Metzger*, 3 F.3d at (finding that, even where juror qualification statute did not expressly preclude service on a jury by a person who had completed their sentence for a felony offense, "[a]s a practical matter, convicted felons attempting to serve in a criminal case are unlikely to survive the gauntlet of the for-cause challenge and the trial court's exercise of sua sponte exclusionary authority;" and holding that "[t]he district court correctly found these barriers to jury service to preclude a finding of the substantial restoration of civil rights necessary to satisfy § 921(a)(20) and to avoid a § 922(g) conviction."); *United States v. Hassan-El*, 5 F.3d at 734 (same); *United States v. Driscoll*, 970 F.2d 1472, 1479 (6th Cir. 1992) (loss of right to serve on jury precludes a finding of restoration of rights); *Presley v. United States*, 851 F.2d 1052 (8th Cir. 1988) (statutes precluding service on a jury, as a highway patrol officer, and as sheriff sufficient to preclude a finding of "substantial restoration," notwithstanding general language of statute providing that there would be "no legal disqualification or disability on account of a criminal conviction, except as

provided by statute."); *United States v. Meeks*, 987 F.2d at 578 (same).

In his reply, defendant does not dispute that he has not regained the right to sit on a jury. Rather, he argues in favor of a strict construction of the "has had civil rights restored" language of § 921(a)(20), submitting that, so long as he has had more than one civil right restored, that is sufficient to bring the prior conviction within the language of the exclusion and preclude prosecution under § 922(g)(1). With respect to the second prong of the Ninth Circuit inquiry, he simply states that, while possession of a weapon by a person convicted of a felony may be prohibited under current Maryland law, it has not been established that such a prohibition existed at the time of his offense. *But see* Md. Ann. Code art. 27, § 291A (1992) ("A person may not possess, own, carry, or transport a firearm if the person has been convicted of: (1) A felony under this subheading; . . .").

It appears that this Circuit has addressed the language of § 921(a)(20) in only one case, cited by neither party. *United States v. Bost*, 87 F.3d 1333, 1335 (D.C. Cir. 1996). This Court of Appeals, like others, found that "[i]t is generally agreed that the 'civil rights' referred to in section 921(a)(20) are the rights to vote, to hold elective office, and to serve on a jury." *United States v. Bost*, 87 F.3d 1333, 1335 (D.C. Cir. 1996). It also noted that, both by operation of a statute and through a certificate restoring civil rights under Ohio law, all three of these "civil rights" had been restored with respect to the predicate conviction in that case.

Accordingly, the Circuit proceeded to the second step of the Ninth Circuit approach,

the resolution of the question of whether restoration of civil rights excluded the right to possess a firearm. *Id.* Examining the terms of the relevant statute and certificate, the Circuit found no express restriction on Mr. Bost's right to possess a firearm, and therefore concluded that he was not subject to prosecution under § 922(g)(1). *Id.* at 1336-37. The Circuit came to this conclusion notwithstanding the existence of "[a] third Ohio law prohibit[ing] convicted felons from possessing, acquiring, or using firearms 'unless relieved from disability as provided in . . . the Revised Code,' . . . which prescribes the procedures by which state firearm privileges may be restored." *Id.* at 1336 (internal citations omitted). In so doing, the D.C. Circuit rejected the approach taken by some Circuits, which requires consideration of the "whole of state law" when deciding whether restoration of civil rights excludes the right to possess firearms, and instead followed the Ninth Circuit, in which a "court may look no further than the source of the restoration of . . . civil rights to see whether . . . gun-related rights have been restricted." *Id.* Finding that the certificate issued to Mr. Bost restored "the rights and privileges forfeited by your conviction; namely the right to serve on juries and to hold office of honor, trust, or profit," and provided no notice of the state statutory provision prohibiting the possession of weapons, the D.C. Circuit concluded:

> The final sentence of § 921(a)(20) can not logically mean that the state may dole out an apparently-unconditional restoration of rights yet be silent so long as any musty statute withholds the right to carry guns.

*Id.* at 1337. Accordingly, the Court vacated Bost's conviction under § 922(g).

While at first blush, the Circuit's opinion in *Bost* would appear to require a finding in defendant's favor, a closer reading suggests the contrary. First and foremost, the *Bost* court

expressly relied on the fact that *all three* of the relevant civil rights had been restored. *Id.* at ("It suffices that Bost has recovered *all of them* through a combination of sources that do not expressly restrict his rights with respect to firearms.") (emphasis added). It is therefore entirely conceivable that this Circuit, if presented with the question, would follow sister Circuits and hold that failure to establish restoration of the right to sit on a jury takes a prior felony conviction outside of the reach of the § 921(a)(20) exclusion.

Second, the *Bost* court relied heavily on the broad language of the certificate of restoration at issue in that case, which unconditionally restored "the rights and privileges forfeited by [the] conviction." The Maryland statute restoring defendant's right to vote contains no such broad language. To the contrary, it provides only for restoration of the right to vote, and only under very limited circumstances. No mention is made of other civil rights in that statute or any other relied on by the parties. *See United States v. Essick*, 935 F.2d 28 (4th Cir. 1991) (reversing conviction under § 922(g) where North Carolina state statutes provided that "[a]ny person convicted of a crime, whereby the rights of citizenship are forfeited, shall have such rights restored" upon completion of sentence, that certificates be issued to defendants that effect, and that possession of a firearm more than five years after completion of sentence was not a crime); *see also United States v. Hassan-El*, 5 F.3d at 734 ("Maryland, unlike many states, has no general restoration of rights statute for criminal offenders nor does it issue to felons who have completed their sentences certificates of discharge restoring their rights.").

**B.**     *Ineffective Assistance of Counsel*

Defendant bases his claim of ineffective assistance of counsel (IAC) on his attorney's

failure to move the Court for a downward departure on the grounds his offense conduct represented "aberrant" behavior under U.S.S.G. § 5K2.0.[3] He argues that his conduct was "thoughtless and spontaneous," and was motivated by grief, depression, and despair arising from the news that his mother, who had raised him alone, had recently been diagnosed with terminal cancer and given two years to live. He further points out that, although he was previously convicted of a violent crime, that offense took place over eight years prior to the instant offense, and during the interim period he had received training and worked regularly as a telephone and computer installer. Defendant submits that, under these circumstances, his counsel's failure to seek a downward departure brought his performance below an objective standard of reasonableness, and actually prejudiced defendant such that the outcome was "fundamentally unfair," thereby meeting the IAC standard enunciated in *Strickland v. Washington*, 466 U.S. 668 (1984). Defendant seeks, as relief for this claim, a new sentencing proceeding.

Both the government and defendant's trial counsel correctly point out that defendant's plea agreement precluded him from seeking any downward departures whatsoever. *See* Gov't Opp'n at Ex. B. Moreover, the sentencing colloquy in this case makes clear that the defense consciously bargained away the right to seek any downward departures in exchange for benefits under the plea agreement. *See* Tr. 12/7/01 at 7:5 - 8:17. While defendant's trial counsel concedes in his response to defendant's motion that this particular departure was not necessarily discussed, he maintains that a downward

---

[3] While the defendant cites U.S.S.G. § 5K2.0, the relevant sentencing guideline is in fact U.S.S.G. § 5K2.20.

departure for extraordinary medical care giving responsibilities, one which had a greater likelihood of success in light of defendant's mother's medical condition at the time of sentencing, was fully considered and rejected in favor of the benefits of the plea agreement entered. *Id.*; Def.'s Atty.'s Resp. at 4; U.S.S.G. § 5K2.20.[4] It would therefore appear that defendant's counsel provided him with reasonably competent advice regarding the availability of downward departures and the pros and cons of foregoing the opportunity to argue for a downward departure and instead enter into the plea agreement in question. Accordingly, it does not appear that his performance fell below the *Strickland* standard on these facts.

With respect to his failure to investigate the question of whether defendant's 1993 offense could serve as a predicate for a § 922(g)(1) conviction, his trial counsel concedes that he did not undertake an in-depth investigation of the legal issues, but rather relied on his experience practicing in Maryland. Def.'s Atty.'s Resp. at 2. Based on this experience, he states that he was "well aware" that, by virtue of his prior conviction, defendant had forfeited his right to serve on a jury, and, that because he had not been pardoned, this right had not been restored. *Id.* Accordingly, he concluded that defendant's civil rights had not been restored with respect to the 1993 offense and therefore a challenge to the use of the prior conviction was not viable. *Id.* While counsel's investigation of potential defenses available to defendant was far from exemplary,

---

[4] A downward departure is not available under U.S.S.G. § 5K2.20 where "the defendant discharged a firearm or otherwise used a firearm or dangerous weapon...the defendant has more than one criminal history point...or the defendant has a prior federal, or state, felony conviction, regardless of whether the conviction is countable under Chapter Four."

particularly in light of the fact that this Circuit has not yet decided the question of whether all three civil rights must have been restored in order for the § 924(a)(20) exclusion to apply, and of the Circuit's reasoning in *Bost* with respect to the second prong of the inquiry, it is within the range of reasonable competency under *Strickland*.

In view of the foregoing, Johnson's motion is denied with prejudice and this case is removed from the active calendar of the Court.

DATE: 9/30/05

EMMET G. SULLIVAN
U.S. District Judge

Notice to:

Joseph Beshouri, Esquire
419 Seventh Street, N.W.
Suite 201
Washington, D.C. 20004

Janice K. Myhand, Esquire
Assistant U.S. Attorney
Judiciary Square Center
555 Fourth Street, N.W.
Washington, D.C. 20001

Kenneth Johnson
Reg. #24192-016
P. O. Box 350 FCI
Beaver, WV 25813